UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS S. OWEN<br><br>  Plaintiff,<br><br>v.<br><br>DOYLE, et al.,<br>  Defendants.<br>_____/ | CASE NO.   1:10-CV–02301-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On December 10, 2010, Plaintiff Thomas S. Owen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

### III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the California Department of Corrections and Rehabilitation, Corcoran Substance Abuse Treatment Facility and State Prison, ("CSATF/SP"). (Compl. p. 3, ECF No. 1.) Plaintiff complains of due process violations under the Fifth and Fourteenth Amendments and codified statutes and regulations "when [Defendants] deny parole because [P]laintiff does not admit guilt or take responsibility for the [ ] offense." (Compl. at 4.) Plaintiff names the following Defendants: (1) Robert Doyle, Chairman, Board of Parole Hearings, (2) J Does 2-13, Commissioners Board of Parole Hearings, (3) J Does 14-100, Deputy Commissioners Board of Parole Hearings, (4) Arnold Schwarzenegger, Governor, State of California. Plaintiff seeks "prospective injunctive relief [ ] enjoining Defendants from requiring an admission of guilt [at Board of Parole hearing]"

but "in no way [seeks] an early release on parole." (Compl. at 5.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### A. Civil Rights

State prisoners may challenge the constitutionality of state parole procedures in an action under Section 1983 seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005). Section 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. Id. at 81 ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated)

-3-

state confinement.")

Plaintiff alleges an unconstitutional parole procedure requires him to "admit guilt" in order to gain parole. However, Plaintiff fails to identify any state law, regulation, or procedure of parole that imposes such a requirement. Plaintiff fails to state a cognizable Section 1983 claim of due process deprivation based on an allegedly unconstitutional state parole procedure.

**B.     Habeas Corpus**

Plaintiff's Complaint, if construed as seeking habeas corpus relief fails to state a claim for relief. A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).

This Court cannot review claims of substantive due process relating to the decision to deny parole. Swarthout v. Cooke, —— U.S. ——, —— – ——, 131 S.Ct. 859, 861–62 (2011). The procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979). Swarthout, 131 S.Ct. at 862. In Swarthout, the Supreme Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures

> for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862–63.

    Plaintiff does not claim that he was not provided a right to speak, given access to records, or notified of the reasons for any decision denying parole. Accordingly, to the extent Petitioner's claims that his due process has been violated based on substantive reasons, Petitioner's claim must be dismissed.

    Further, Plaintiff cannot seek federal habeas relief until he has sought and been denied relief in state courts, if a state remedy is available and adequate. 28 U.S.C. § 2254

(b); See Preiser v. Rodriguez, 411 U.S. 475, 477, 491 (1973); see also Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). Plaintiff's Complaint provides no evidence of exhaustion of state court remedies.

### C.  Personal Participation

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff's Complaint provides no facts personally linking Defendants Doyle, J Does 2-13, J Does 14-100, and Defendant Schwarzenegger to the alleged violation of Plaintiff's constitutional rights. For injunctive relief to be granted, the threatened injury must be traceable to challenged conduct of the defendant. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).

### D.  Doe Defendants

Plaintiff names J Does 2-13, Commissioners Board of Parole Hearings, and J Does 14-100, Deputy Commissioners Board of Parole Hearings, as Defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie

v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010). Plaintiff is advised that J Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants. Id.

Because the Court is granting Plaintiff an opportunity to amend his claims, it will also give him leave to set forth sufficient identification for the J Doe Defendants. Moreover, as noted above Plaintiff has not attributed any action or liability to the J Doe Defendants. The Court will grant Plaintiff leave to amend this claim and include facts and conduct related to Doe Defendants.

## V.     **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint only as to claims under Section 1983 alleging due process deprivation arising from parole procedure. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set

forth "sufficient factual matter ... to 'state a claim that is plausible on its face.' " Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

    1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed December 10, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from filing of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 29, 2011        /s/ *Michael J. Seng*
ci4d6                             UNITED STATES MAGISTRATE JUDGE