1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS S. OWEN,

             Plaintiff,

  v.

ROBERT DOYLE, et al.,

             Defendants.

_____/

CASE NO. 1:10-CV-02301-MJS (PC)

ORDER TO SHOW CAUSE FOR FAILURE
TO COMPLY WITH COURT ORDER

(EFC NO. 9)

PLAINTIFF MUST SHOW CAUSE OR FILE
AMENDED COMPLAINT BY MARCH 21,
2012

On December 10, 2010, Plaintiff Thomas S. Owen, a state prisoner proceeding

pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

(ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) After

screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend

provided he did so on or before February 2, 2012. (ECF No. 9.) The Court's Order

Dismissing Complaint was served by mail on December 29, 2012 and has not been

-1-

1   returned as undeliverable.[1]

2       Plaintiff did not file an amended complaint or otherwise respond to the Court's

3   December 29, 2011 Order by the February 2, 2012 deadline. Local Rule 110 provides

4
5   that "failure of counsel or of a party to comply with these Rules or with any order of the

6   Court may be grounds for imposition by the Court of any and all sanctions . . . within the

7   inherent power of the Court." District courts have the inherent power to control their

8   dockets and "in the exercise of that power, they may impose sanctions including, where

9   appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831

10  (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an

11
12  action, failure to obey a court order, or failure to comply with local rules. See e.g.,

13  Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

14  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

15  failure to comply with an order requiring amendment of complaint); Henderson v.

16  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and

17  failure to comply with local rules).

18
19      The Court cannot allow this case to languish on its docket without an operative

20  complaint. Accordingly, not later than March 21, 2012, Plaintiff shall either file an

21  amended complaint or show cause as to why his case should not be dismissed for

22  failure to state a claim, failure to comply with a Court order and failure to prosecute.

23      **Plaintiff is hereby on notice that failure to meet this deadline will result in**

24
25  **the immediate dismissal of this action subject to the "three strikes" provision set**

26          [1] Plaintiff filed a Notice of Change of Address on January 5, 2012, listing the same address as the
27  one already on file with the Court. (ECF No. 10.)

forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 7, 2012                     /s/ *Michael J. Seng*

ci4d6                              UNITED STATES MAGISTRATE JUDGE