1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9   THOMAS S. OWEN,                          CASE NO. 1:10-CV-02301-MJS (PC)

10                   Plaintiff,              ORDER TO SHOW CAUSE FOR FAILURE
                                             TO COMPLY WITH COURT ORDER
11      v.
                                             (EFC NO. 9)
12  ROBERT DOYLE, et al.,
                                             PLAINTIFF MUST SHOW CAUSE OR FILE
13                   Defendants.             AMENDED COMPLAINT BY MARCH 21,
                                             2012
14

15

16  _____/

17

18

19          On December 10, 2010, Plaintiff Thomas S. Owen, a state prisoner proceeding

20  pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

21  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) After

22  screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend

23  provided he did so on or before February 2, 2012. (ECF No. 9.) The Court's Order

24  Dismissing Complaint was served by mail on December 29, 2012 and has not been

25

26

27

                                             -1-

returned as undeliverable.[1]

Plaintiff did not file an amended complaint or otherwise respond to the Court's December 29, 2011 Order by the February 2, 2012 deadline. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

The Court cannot allow this case to languish on its docket without an operative complaint. Accordingly, not later than March 21, 2012, Plaintiff shall either file an amended complaint or show cause as to why his case should not be dismissed for failure to state a claim, failure to comply with a Court order and failure to prosecute.

**Plaintiff is hereby on notice that failure to meet this deadline will result in the immediate dismissal of this action subject to the "three strikes" provision set**

---

[1] Plaintiff filed a Notice of Change of Address on January 5, 2012, listing the same address as the one already on file with the Court. (ECF No. 10.)

-2-

forth in 28 U.S.C. § 1915(g). <u>**Silva v. Di Vittorio**</u> **658 F.3d 1090 (9th Cir. 2011).**

IT IS SO ORDERED.

Dated:     March 7, 2012          /s/ *Michael J. Seng*

ci4d6                                  UNITED STATES MAGISTRATE JUDGE

-3-